979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard M. KING, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3299.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1992.
 
 Before PAULINE NEWMAN, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Richard M. King (King) petitions for judicial review of the October 11, 1991 decision of the Administrative Judge (AJ), Docket No. SL122191W0313, which upon denial of review on February 5, 1992 became the final decision of the Merit Systems Protection Board (MSPB or Board). 5 C.F.R. § 1201.113(b). At issue was King's employing agency's alleged rescission of a promotion to a position at the Memphis, TN office, which King further alleges was taken in reprisal for his prior whistleblowing activities. Under the Individual Right of Action (IRA) provision of the Whistleblower Protection Act (WPA), 5 U.S.C. § 1221, King could seek "corrective action" of such reprisal. Accordingly, King requests that he be promoted to the position at the Memphis office and that he receive back pay and costs associated with this appeal. The Board held that no corrective action was warranted. We affirm.
 
 DISCUSSION
 
 2
 King was employed as a GS-11 Auditor by the Army Corps of Engineers at the Memphis, TN location. King was involved in whistleblowing activity on and after November 7, 1989. During this period, King applied for a position as a GS-12 Investigative Auditor in the Vicksburg, MS office. On November 13, 1989, King was offered that position by Robert D. Cleveland (Cleveland), the supervisor of the Vicksburg office. On November 20, 1989, King declined the offer, and told Cleveland that he did not wish to relocate to Vicksburg. Apparently, Cleveland and King then discussed the possibility of transferring the GS-12 position to the Memphis office; King indicated that if the position were made available at the Memphis office, he would accept.
 
 
 3
 On November 21, 1989, Cleveland and King spoke again, and it is the characterization of this communication which is the focus of dispute. The AJ found that Cleveland indicated to King that the transfer of the GS-12 position to the Memphis office should be no problem, but that he had not yet obtained formal approval. In contrast, King alleges that Cleveland definitively offered the GS-12 position at the Memphis location, and that King promptly accepted.
 
 
 4
 Cleveland's assessment of the transferability of the GS-12 position proved to be incorrect; on November 27, the proposal to move the position was rejected by Col. John P. Carey. King alleges that by November 27, Carey and Cleveland were aware of King's whistleblowing, and that they opted to retain the position in the Vicksburg office as an indirect way of rescinding the job offer to King (since King's opposition to relocating to Vicksburg already was on record).
 
 
 5
 In order to have the benefit of the IRA, King initially must prove by a preponderance of evidence that a disclosure of information falling within 5 U.S.C. § 2302(b)(8) was a "contributing factor" in a "personnel action." 5 U.S.C. § 1221(e)(1).[1] 5 U.S.C. § 2302(b)(8) further specifies that it is a prohibited personnel practice to "take or fail to take ... a personnel action ..." (emphasis added). "Personnel actions" are defined in § 2302(a)(2)(A) as including promotions. King alleges that after it learned of his whistleblowing, the agency failed to take the personnel action of promoting him to a position in the Memphis office.
 
 
 6
 The MSPB found that King did not meet his threshold burden of proving that the agency had failed to take a "personnel action" because the communication of November 21 was not a formal job offer. Since the offer of the position in the Memphis office was never formalized, there was no offer to rescind. Put another way, absent a formal indication by the agency that it would place King in the GS-12 position in the Memphis office, the agency was under no obligation to not change its mind.
 
 
 7
 Our review of MSPB decisions is statutorily constrained. The decision must be affirmed unless it is found to be:
 
 
 8
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 9
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 10
 3) unsupported by substantial evidence.
 
 
 11
 5 U.S.C. § 7703.
 
 
 12
 Review of the record indicates that substantial evidence supports the Board's conclusion. Briefly, the AJ found Cleveland's credibility to be superior to that of King; noted that Cleveland's testimony, that no formal offer had been made, was consistent with the administrative processing of King's promotion and with Cleveland's scope of authority; and finally found corroborating support in the testimony of Ms. Hopper, a co-worker of King's. Accordingly, we affirm the Board's decision that King was not entitled to corrective action under the WPA.
 
 
 13
 We must decline King's invitation to expand the scope of the WPA to discussions preliminary to a formal job offer. To hold otherwise would unnecessarily constrain agency flexibility in allocation of personnel and resources. It could also open the door for every employee who believed himself to be deserving of promotion to bring an action against his employing agency for its failure to see the employee's worth in a similar light. This is not a sensible reading of the statute.
 
 
 14
 King also challenges the AJ's denial of his motions to compel discovery of OSC materials and for the deposition of an OSC investigator. Such discovery matters are left to the sound discretion of the Administrative judge, and will be reversed by this court only when an abuse of that discretion has been shown. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). No such abuse is apparent here. The privileged nature of that material strongly cuts against such discovery, and King does not demonstrate that it would cause him undue hardship to gather the privileged information himself. Accordingly, we affirm the AJ's denial of King's motions.
 
 
 15
 No costs.
 
 
 
 [1]
 The employing agency of course is free to dispute any one of these elements. Once the employee satisfactorily makes his prima facie case, the burden shifts to the agency to prove by clear and convincing evidence that the personnel action would have been taken in the absence of the disclosure. 5 U.S.C. § 1221(e)(2). The agency's heightened burden of proof arises only after the employee's prima facie case is made out